UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SURALEB, INC.,

        Plaintiff,

v.                                                    Case No. 16-cv-510-pp

PRODUCTION ASSOCIATES
"MINSK TRACTOR WORKS,"
REPUBLIC OF BELARUS,

        Defendant.

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DKT. NO. 5) AND REQUIRING THE PLAINTIFF TO FILE AN AMENDED COMPLAINT BY FEBRUARY 2, 2018**

## I.    Introduction

On April 27, 2016, the plaintiff filed a complaint against defendant Minsk Tractor Works Republic of Belarus, alleging that the defendant is a company owned and operated by the Republic of Belarus. Dkt. No. 1. On May 18, 2017, the plaintiff filed a five-page document, much of it in Cyrillic, which appears to be a certificate of service; the documents states that whoever signed the certificate did so on June 28, 2016 "in conformity with article 6 of the Hague Convention."[1] Dkt. No. 4. Four days later, the plaintiff filed a motion for default

---

[1] Article 6 of the Hague Convention states in relevant part:

> The Central Authority of the State addressed or any authority which it may have designated for that purpose, shall complete a certificate in the form of the model annexed to present Convention. The certificate shall state that the document has

1

judgment. Dkt. No. 5. On August 9, 2017, the clerk's office—without being asked to do so—entered default. To date, the defendant has not entered a notice of appearance.

## II. **Plaintiff's Motion for Default Judgment**

A. <u>Jurisdiction</u>

The complaint alleges that the court has jurisdiction over the lawsuit under 28 U.S.C. §§1603(a) and (b). Dkt. No. 1 at 1. Neither of those statutes—which are part of the series of statutes known collectively as the Foreign Sovereign Immunities Act, or "FSIA"—provide bases for federal court jurisdiction. Rather, they define the terms "foreign state" and "agency or instrumentality of a foreign state."

The complaint also states that the court has jurisdiction under 18 U.S.C. §2334; this is a venue statute, not a grant of jurisdiction. It provides that United States nationals injured by international terrorism may file suit for such an injury in the district court for, among others, the district in which the defendant resides, is served or has an agent, or in the district where the plaintiff resides. The complaint does not allege that the plaintiff was injured by international terrorism; §2334 is inapplicable.

---

> been served and shall include the method, the place and the date of service, and the person to whom the document was delivered. If the document has not been served, the certificate shall set out the reasons which have prevented service.

Hague Convention, Art. 6.

2

Although the complaint does not state a basis for jurisdiction, 28 U.S.C. §1330(a) may provide one. That statute states that district courts have original jurisdiction, without regard to the dollar amount in controversy, over "any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605—1607 of this title or under any applicable international agreement."

In order for this court to have jurisdiction under §1330, the lawsuit must meet several criteria. First, it must be "a civil nonjury action." Second, it must be "against a foreign state as defined in section 1603(a) of [Title 28]." Third, it must involve an *in personam* claim for relief—that is, it must be a suit against a specific individual or entity, as opposed to an *in rem* proceeding against property. Fourth, the defendant foreign state must not be entitled to immunity under either sections 1605 through 1607 of Title 28, or under any "applicable international agreement."

The complaint appears to meet the first criterion: it states a civil cause of action, and the plaintiff does not request a jury trial. It appears, then, that this case is a "nonjury civil action."

With regard to the second criterion, the complaint alleges that defendant Production Associates "Minsk Tractor Works" is "an agency or instrumentality of the Republic of Belarus, as it is wholly owned and operated by the Republic of Belarus." Dkt. No. 1 at 1, ¶3. Under 28 U.S.C. §1603(b), an "agency or instrumentality of a foreign state" meets §1330's definition of a "foreign state."

3

Section 1603(b) defines an "agency or instrumentality of a foreign state" as "a separate legal person, corporate or otherwise," "a majority of whose shares or other ownership interest is owned by a foreign state" and "which is neither a citizen of a State of the United States . . . nor created under the laws of any third country." The plaintiff's allegation that the defendant is a corporate entity wholly owned by the Republic of Belarus appears to satisfy this criterion.

The complaint also appears to satisfy the third criterion—it is a suit against a specific entity, Production Associates "Minsk Tractor Works," and not an *in rem* suit against property.

As to the last criterion, however, the complaint is silent. It makes no mention of 28 U.S.C. §§1605 through 1607, and does not address whether the defendant is entitled to immunity under those statutes or any applicable international agreement. Section 1604 of the FSIA provides that, absent any international agreements to the contrary as of the time FSIA was enacted, "a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 of this chapter." Section 1605 provides a laundry list of exceptions to §1604's general immunity provision. Section 1610(a) provides an additional exception: property of a foreign state (as defined by §1603(a)) that is in the United States and is used for a commercial activity in the United States, is not immune from attachment in aid of execution, or execution, of a judgment entered by a federal or state court, *if* the property meets one of seven possible criteria.

In the prayer for relief, the plaintiff asks the court for an order of attachment and execution "as provided for pursuant to 28 USC 1610(c) involving the property owned by [the defendant] situated in Milwaukee, Wisconsin." Dkt. No. 1 at 5. This request implies that the property the plaintiff seeks to attach, and upon which it seeks to execute judgment, falls into one of those seven categories and thus is not immune from suit. But the plaintiff does not address the seven categories, and does not explain which (if any) apply to the property in question.

The court cannot determine by reviewing the complaint whether or not it has jurisdiction, because it cannot tell whether the case satisfies the last criterion of §1330. The court will allow the plaintiff to amend the complaint to try to demonstrate that the court has jurisdiction.

B. Entry of Default

In the event that the plaintiff is able to demonstrate that this court has jurisdiction to hear this case, the court notes some other concerns.

May 22, 2017, the plaintiff filed a motion for default judgment, which states:

> PLEASE TAKE NOTICE that the Plaintiff, SURALEB, INC. by and through its attorney Michael M. Krill, and moves the Court for a default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure, against the Defendant, Production Associates "Minsk Tractor Works", Republic of Belarus for an Order for Attachment and Execution as provided for pursuant to 28 U.S.C. §1610(c) involving the personal property owned by the Defendant, Production Associates "Minsk Tractor Works", Republic of Belarus for an Order for Attachment and Execution as provided for pursuant to 28 U.S.C. §1610(c) involving the personal property owned by the Defendant situated in Milwaukee, Wisconsin, which includes all personal property,

> tangible and intangible, including all registered trademarks of the Defendant.

Dkt. No. 5 at 1.

Three months later, the clerk's office entered default. Fed. R. Civ. P. 55(a) indicates that when a party against whom a judgment has been sought fails to plead or defend, "and that failure is shown by affidavit or otherwise," the clerk "must enter the party's default." The court assumes that the clerk's office entered default because, on the same day the plaintiff filed the motion for default judgment, the plaintiff's counsel, Michael Krill, filed an affidavit. That affidavit averred that, "[o]n June 28, 2016 the summons and complaint were served on the Defendant, Production Associates 'Minsk Tractor Works', Republic of Belarus in accordance with the provisions of subparagraph (a) of the first Paragraph of the Hague Convention for service abroad of judicial and extra judicial documents in civil or commercial matters." Dkt. No. 6 at ¶3.

Neither this affidavit nor the record demonstrate that the defendant received service but failed to plead. Service of process on foreign states or their agencies or instrumentalities is governed by 28 U.S.C. §1608, not the Hague Convention. The plaintiff has not filed any certification attesting that service complied with that statute. The proof of service appears to be written in a Slavic language which the court does not read or speak. Dkt. No. 4. It contains two documents in English: a Request for Service Abroad and a Certificate stating that the document has been served on "28.06.2016;" the field for the place of service is completed in the Slavic language, and the field for the

identity and description of the person to whom service was delivered is in the Slavic language. The court cannot tell upon whom service was effectuated, and whether that person had anything to do with the defendant.

If the plaintiff is able to prove jurisdiction, it will next need to address these service issues.

    C.    <u>The Request for Default Judgment</u>

Even if the plaintiff is able to state a basis for jurisdiction and satisfy the requirements for entry of default, neither the motion for default judgment nor the affidavit support the entry of judgment on the allegations in the complaint.

The five-page complaint alleges that the parties entered into an agreement on April 28, 2000, in which the defendant authorized the plaintiff to collect debts owed to Belarus Machinery, Inc. (located in Milwaukee) and Belarus Equipment of Canada Limited. Dkt. No. 1 at ¶6. After the parties had a dispute over the value of assets collected by the plaintiff on behalf of the defendant, they submitted the matter to arbitration in Sweden. <u>Id.</u> at ¶11. According to the plaintiff, the arbitration award included, among other things, a payment of $2,166,555 to the plaintiff, interest calculated at the rate of 5% per annum, $987,224.61 in attorney's fees and the costs of arbitration. <u>Id.</u> District Judge George M. Marovich of the Northern District of Illinois confirmed the award, and entered judgment on December 6, 2006 (granting the plaintiff $88,777.96 in prejudgment interest). <u>Id.</u> at ¶12. On March 12, 2008, the plaintiff recorded a judgment lien against the defendant in Milwaukee County Circuit Court, for $3,759,131.98. Dkt. No. §13. On November 16, 2011, District

Judge Rudolph Randa confirmed the sale of the real property, which was held in the name of the defendant, to the plaintiff for $100,000. Id. at ¶14. The plaintiff did not do anything else regarding executing on the defendant's personal property, and the case in front of Judge Randa was closed.[2] Id. at ¶15.

Now, the plaintiff says that it wants the balance of the arbitration award. Id. at ¶17. The plaintiff seeks an order of attachment and execution under 28 U.S.C. §1610(c)[3], referring to certain personal property that the plaintiff possesses but that belongs to the defendant; it describes that property as "parts, inventory, cars, equipment, computers, desks, trademarks, and other inchoate rights belonging to MTS." Id. at ¶21.

Rule 55(b)(2) gives a district court the discretion to conduct hearings or make referrals when, in order to enter a judgment, it needs to "conduct an

---

[2] The case before Judge Randa was Suraleb, Inc. v. Production Association "Minsk Tractor Words" Republic of Belarus, Case No. 10-cv-104-RTR (E.D. Wis.). That case originated in Milwaukee County Circuit Court, and was removed to federal court by the defendant. Id. at Dkt. No. 1. So there was no issue regarding proper service in that case; the defendant brought the case to federal court, represented by two firms in Chicago. Further, the plaintiff alleges that that case was "dismissed." It was not—the clerk's office closed the case for administrative purposes, subject to reopening "upon proper motion." Id. at Dkt. No. 27. It is not clear why the plaintiff has chosen to file a new lawsuit, rather than seek to reopen the suit filed in 2010.

[3] "(c) No attachment or execution referred to in subsections (a) and (b) of this section shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter." According to the plaintiff, Judge Marovich found, and the defendant conceded, that a "reasonable time had elapsed since the entry of judgment and the giving of notice as it applied to the" defendant's assets located in Illinois. Id. at ¶20.

8

accounting," or "determine the amount of damages," or "establish the truth of any allegation by evidence." This implies that the court needs certain information before it can enter default judgment. It needs to know whether the allegations in the complaint likely are true. It needs to know the amount of damages the plaintiff seeks against the defaulting party. It needs to know how much the plaintiff seeks, and the basis for that amount.

Here, the plaintiff has alleged the following:

* that the arbitration award included a payment of $2,166,555 to the plaintiff, interest calculated at the rate of 5% per annum, $987,224.61 in attorney's fees and the costs of arbitration;

* that that award was confirmed by Judge Marovich on December 6, 2006, and that he granted the plaintiff $88,777.96 in prejudgment interest;

* that in spring 2008, the plaintiff recorded a judgment lien against the defendant in Milwaukee County Circuit Court, for $3,759,131.98;

* that in the fall of 2011, Judge Randa confirmed the sale of the real property to the plaintiff for $100,000; and

* that the sum of $771,374.33 had been collected as of November 16, 2011.

The plaintiff has attached nothing to the complaint or the motion. It did not attach, or cite to, the arbitration award, nor did it reference the case numbers of the two federal district court cases involving the award. It did not specify a sum certain that remains due and owing today (rather than an amount collected in 2011), and did not provide an accounting of how it reached that specific amount. It did not identify the property that would be the subject

9

of the order of attachment and execution, or provide a value for that property, or provide documents supporting its valuation.

If the plaintiff is able to establish jurisdiction and demonstrate proper service, and the defendant does not respond, the plaintiff will need to file a properly supported motion for default.

### III. Conclusion

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for default judgment. Dkt. No. 5. The court **ORDERS** that, by the end of the day on **Friday, February 2, 2018**, the plaintiff shall file an amended complaint, stating the basis for this court to exercise jurisdiction over the case. If the plaintiff does not file an amended complaint by the end of the day on February 2, 2018, the court will dismiss the case for lack of jurisdiction.

Dated in Milwaukee, Wisconsin this 18th day of December, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**